IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IRON WORKERS' MID-AMERICA SUPPLEMENTAL MONTHLY ANNUITY (SMA) FUND, | ) ) ) ) | |
| IRON WORKERS' MID-AMERICA PENSION PLAN, | ) ) ) | |
| PAUL E. FLASCH, as Administrative Manager, | ) ) ) ) | |
| IRON WORKERS' LOCAL #395 FRINGE BENEFIT FUNDS, | ) ) ) ) | CIVIL ACTION |
| IRON WORKERS' LOCAL UNION #395, | ) ) | NO. 26 C 01758 |
| Plaintiffs, | ) ) | JUDGE |
| vs. | ) ) | |
| MILESTONE FENCE, LLC, an Indiana limited liability company, | ) ) ) ) | |
| Defendant. | ) | |

## **COMPLAINT**

The Plaintiffs, IRON WORKERS' MID-AMERICA SUPPLEMENTAL MONTHLY ANNUITY (SMA) FUND, IRON WORKERS' MID-AMERICA PENSION PLAN, PAUL E. FLASCH, as Administrative Manager ("Mid-America Funds"), IRON WORKERS' LOCAL #395 FRINGE BENEFIT FUNDS ("Local 395 Funds") (collectively "Funds"), and IRON WORKERS' LOCAL UNION #395 ("Local 395"), by their attorneys, complaining of the Defendant, MILESTONE FENCE, LLC, an Indiana limited liability company, allege as follows:

## COUNT I
### (Claim under ERISA by Funds)

1. This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145 (hereinafter referred to as "ERISA"). Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

2. The Mid-America Funds are pension, welfare and related joint, labor-management funds and bring this action as "employee pension benefit plans," "employee welfare benefit plans" and "plans," under ERISA. Plaintiff, Paul E. Flasch, is the Administrative Manager of the Mid-America Funds and a fiduciary with respect thereto. The Mid-America Funds are administered within this District and Division at 2350 E. 170th Street, Lansing, Illinois.

3. Defendant is obligated to report and pay fringe benefit contributions and/or wage deductions to the Funds under the terms of a collective bargaining agreement with Local 395 and/or other local unions affiliated with the International Association of Bridge, Structural and Ornamental Iron Workers, and pursuant to the Funds' respective Agreements and Declarations of Trust.

4. As an employer obligated to make fringe benefit contributions to the Funds, Defendant is specifically required to do the following:

   (a) To submit to Plaintiffs for each month, by the 15th day of the month following the month for which the report is made, a report stating the names, social security numbers, and total hours worked or for which wages were received in such month by each and every person on whose behalf contributions are required to be made by Defendant to Plaintiffs; or, if no such persons are employed for a given month, to submit a report so stating;

   (b) To have a duly authorized agent verify said reports by signature and to accompany the reports with payment of contributions based upon an hourly rate as stated in the applicable agreements;

(c) To make all of its payroll books and records available to Plaintiffs for the purpose of auditing same, to determine whether Defendant is making full payment as required under the applicable agreements;

(d) To compensate Plaintiffs for the additional administrative costs and burdens imposed by Defendant's failure to pay, or untimely payment of, contributions, by way of the payment of liquidated damages in the amount of 1 ½% per month on the whole amount of contributions remaining from time to time unpaid, together with interest as provided in ERISA, 29 U.S.C. §1132(g);

(e) To pay any and all costs incurred by Plaintiffs in auditing Defendant's payroll records, should it be determined that Defendant was delinquent in the reporting or submission of all contributions required of it to be made to Plaintiffs;

(f) To pay Plaintiffs' reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require Defendant to submit its payroll books and records for audit or to recover delinquent contributions;

(g) To furnish to Plaintiffs a bond with good and sufficient surety thereon, in an amount acceptable to Plaintiffs, to cover future contributions due the Plaintiffs.

5. Defendant is delinquent and has breached its obligations to Plaintiffs and its obligations under the plans in the following respect:

(a) Defendant has failed to make payment of contributions, liquidated damages, interest and audit fees based upon an audit of the Defendant's payroll records showing Defendant to have been delinquent in the payment of contributions and to have reported hours worked by its Employees incorrectly to Plaintiffs.

6. Local 395 and the Local 395 Funds have retained the Mid-America Funds to serve as their collection agent and have delegated the Mid-America Funds to initiate legal actions or otherwise collect all amounts due to the: Ironworkers Local 395 Trust Fund (Welfare); Local 395 Annuity Plan; Ironworkers Local No. 395 Joint Apprenticeship Training Fund; Construction Advancement Foundation of Northwest Indiana; Building and Construction Resource Center; the IMPACT Fund and Local 395.

7. That upon careful review of all records maintained by Plaintiffs, and after application of any and all partial payments made by Defendant, there is a total of $34,274.98,

known to be due Plaintiffs from Defendant, subject however to the possibility that additional monies may be due Plaintiffs from Defendant based upon Defendant's failure to submit all required reports, or to accurately state all hours for which contributions are due on reports previously submitted, and subject further to the possibility that additional contributions and liquidated damages may come due during the pendency of this lawsuit.

8. Plaintiffs have requested that Defendant perform its obligations as aforesaid, but Defendant has failed and refused to so perform.

9. Defendant's continuing refusal and failure to perform its obligations to Plaintiffs is causing and will continue to cause irreparable injuries to Plaintiffs for which Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs pray:

(A) That Defendant be enjoined and ordered to verify and submit all delinquent monthly contribution reports to Plaintiffs with the information required to be provided thereon, to continue to submit such verified reports while this is pending, and to comply with its contractual obligation to timely submit such reports in the future;

(B) That judgment be entered in favor of Plaintiffs and against Defendant for all unpaid contributions, liquidated damages, any costs of auditing Defendant's records, accrued interest, and Plaintiffs' reasonable attorneys' fees and court costs necessarily incurred in this action as specified herein, or as subsequently determined, all as provided for in the plans and in ERISA;

(C) That Plaintiffs have such further relief as may be deemed just and equitable by the Court, all at Defendant's cost.

## COUNT II
### (Claim under LMRA by Local 395 against Defendant)

10. Plaintiffs reallege and incorporate by reference Paragraphs 2 through 9 into this Count.

11. This action arises under the laws of the United States and is brought pursuant to the terms of the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. §185. Jurisdiction is based on the existence of questions arising thereunder as hereinafter more fully appears. The rights asserted herein arise from the same series of transactions as Count I and there are common questions of law and facts to both Counts.

12. Plaintiff, Local 395, is a labor organization representing certain of Defendant's employees as the duly authorized collective bargaining representative and is party to a collective bargaining agreement with Defendant.

13. Under the aforesaid collective bargaining agreement, Defendant agreed to deduct from the wages of those of its employees represented by Local 395, and who execute proper written authorization, sums of money as and for union dues, which monies are to be remitted to Local 395 on a monthly basis along with Defendant's regular fringe benefit reports and contributions as described in Count I of this Complaint.

14. Defendant has deducted or has been required to deduct dues from the wages of its employees as required by the collective bargaining agreement, and has failed and refused to remit any part of such monies so deducted to Local 395, but has instead converted such monies to its own use.

15. The total amount of money that Defendant failed to remit to Local 395 in violation of the collective bargaining agreement is unknown at this time.

16. Defendant's acts and omissions as described herein constitute a breach of the collective bargaining agreement and entitle Local 395 to recover from Defendant all monies which Defendant was required to remit, whether deducted from wages or not and whether traceable or

untraceable commingled with Defendant's assets, and further entitle Local 395 to recover from Defendant its damages for breach of Defendant's obligations.

WHEREFORE, Local 395 prays:

(A) That judgment be entered in its favor and against Defendant for all sums determined to be due from Defendant to Local 395;

(B) That Local 395 recover from Defendant its damages and all costs of collection and recovery including its reasonable attorneys' fees and costs;

(C) That Local 395 have such further relief as may be considered just and equitable by the Court, all at Defendant's cost.

/s/ Carson W. Fallo

Stephen J. Rosenblat
Carson W. Fallo
Attorneys for the Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 1825
Chicago, IL 60606-5250
Bar No.: 6345253
Telephone: (312) 216-2550
Facsimile: (312) 236-0241
E-Mail: cfallo@baumsigman.com

i:\midj\milestone fence\complaint.cwf.df.docx